IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_____

| | |
|---|---|
| Phillip Lee Spears, Jr., | ) C.A. No. 6:09-2800-PMD-WMC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Jon E. Ozmint, Director of SCDC; Anthony | ) |
| Padula, Warden of Lee Correctional | ) |
| Institution; R.Hilton, Classification | ) |
| Caseworker of SMU, Lee Correctional | ) **ORDER** |
| Institution; Bruce Oberman, Director of | ) |
| SMU, Lee Correctional Institution; Keith | ) |
| McBride, Security Officer, Lee | ) |
| Correctional Institution; Lt. Jenkins, | ) |
| Security Officer, Lee Correctional | ) |
| Institution; Classification Committee (ICC), | ) |
| Lee Correctional Institution; C. James, | ) |
| Inmate Grieance Coordinator (IGC), | ) |
| Lee Correctional Institution; in their | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The above-captioned case is before this court upon the magistrate judge's recommendation that defendant Classification Committee's ("ICC") motion to dismiss be granted. Because plaintiff is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent

_____

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate judge, it is hereby **ordered** that defendant ICC's motion to dismiss is **GRANTED.**

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

May 5, 2010
Charleston, South Carolina

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.