**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Phillip Lee Spears, Jr. ) | |
| ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 6:09-cv-02800-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Keith McBride, Anthony Padula, R. Hilton, ) | |
| Lt. Jenkins, Jon E. Ozmint, Bruce Oberman, ) | |
| C. James ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 115] recommending that Defendants' Motion for Summary Judgment [Doc. 48] be granted. The *pro se* Plaintiff, Phillip Lee Spears, Jr ("Mr. Spears"), filed his Complaint under 42 U.S.C. § 1983. Mr. Spears alleges that Defendants did not protect him during an altercation with his cellmate Bennie Bines ("Mr. Bines") at the Lee Correctional Institution in December 2008 and that Defendants' failure to protect him is a violation of the Eighth Amendment to the United States Constitution. U.S. Const. amend. VIII. [Doc.1]. The Magistrate Judge filed his Report and Recommendation [Doc. 115] on September 16, 2010. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After reviewing the Magistrate Judge's Report and Recommendation, the record, the applicable law and Mr. Spears's objections, the court declines, in part, to adopt the Report and Recommendation with respect to Defendant McBride and **denies** his Motion for Summary Judgment. [Doc. 48]. The court adopts the Magistrate Judge's Report and Recommendation concerning Defendants Padula, Hilton, Jenkins, Ozmint, Oberman, and James and hereby **grants** their Motion for Summary Judgment. [Doc. 48].

## DISCUSSION

### I. Summary Judgment Standard

The Magistrate Judge has outlined the appropriate legal standard in his Report and Recommendation. Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates, by reference, the facts as they are presented by the Magistrate Judge. [Doc. 115, at 2-4, ¶¶ 4-9]. As the court's analysis below demonstrates, the court has viewed the facts in a light most favorable to Mr. Spears.

## DISCUSSION

Mr. Spears timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motions. In the analysis below, the court addresses Mr. Spears's specific objections to the Magistrate Judge's conclusions concerning Mr. Spears's classification, the parties' affidavits, and the Defendants' defense of qualified immunity. [Doc. 118, at 1-2]. In what the court deems to be non-specific objections, Mr. Spears seems to complain that the Magistrate Judge failed to give his affidavits the consideration that he gave to affidavits submitted by Defendants. [Doc. 118, at 1, ¶¶ 3, 5]. In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, the court has considered the affidavits insofar as they affect the court's analysis of Mr. Spears's claims.

The Magistrate Judge's Report and Recommendation concludes that there is no genuine issue of fact whether Defendants violated Mr. Spears's Eighth Amendment rights concerning his condition of confinement claim. Mr. Spears makes a specific objection to this conclusion, [Doc. 118, at 1, ¶ 2] but the court agrees with the Magistrate Judge's conclusion that summary judgment is appropriate as Mr. Spears has not presented sufficient evidence to establish that either Defendant Padula or Defendant Hilton are liable for any misclassification of Mr. Spears which resulted in his wrongful placement in a cell with Mr. Bines. Mr. Spears does present as evidence both his and Mr. Bines's Cell Assignment Forms. [Doc. 88-3, at 1, 3]. The forms are listed as "Plaintiff Exhibit L1" and

"Plaintiff Exhibit L3." [Doc. 88-3, at 1, 3]. Mr. Spears seems to be asking the court to infer that because the forms indicate that Mr. Bines had assaulted another inmate while he had not, that his placement with Mr. Bines constitutes an Eighth Amendment violation. In consideration of the South Carolina Department of Corrections ("SCDC") Policy for Cell Assignments as submitted by Defendants [Doc. 48-5], this court has no basis for concluding that Mr. Spears's housing assignment with Mr. Bines is necessarily a violation of SCDC policy or the Eighth Amendment. Nevertheless, for the reasons that follow, this court declines to adopt the Magistrate Judge's conclusions concerning Mr. Spears's conditions of confinement claim as it pertains to Defendant McBride.

The Eighth Amendment prohibits "cruel and unusual punishments . . . ." U.S. Const. amend. VIII. With respect to prisoners, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin* 77 F.3d 756, 761 (4th Cir. 1996). The test for a violation of prisoner rights involves both an objective and subjective standard, and to succeed on an Eighth Amendment claim the prisoner must prove that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . that the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.*

The subjective component requires Mr. Spears to show that the Defendants had a "'sufficiently culpable state of mind'" which "[i]n prison condition cases . . . is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Benjamin*, 511 U.S. 825, 834 (1994). "This standard is a middle ground standard that lies 'somewhere between the poles of negligence at one end and purpose or knowledge at the other.'" *Skinner v. Uphoff*, 234 F. Supp. 2d 1208, 1213 (D. Wyo. 2002) (quoting *Farmer*, 511 U.S. at 836). To succeed in establishing this first element, Mr. Spears must show that a prison official "knows of and disregards an excessive risk to inmate health

and safety." *Farmer*, 511 U.S. at 837.  According to the Supreme Court, "[t]he Courts of Appeals have routinely equated deliberate indifference with recklessness." *Id.* at 836.

The record establishes that Mr. Spears has raised genuine issues of material fact regarding whether Defendant McBride knew of and disregarded the alleged risk of excessive harm that Mr. Bines presented.  Mr. Spears claims that Mr. Bines warned Defendant McBride not to put him back in their cell because if he did so, Mr. Bines "was going to beat [Mr. Spears's] ass." [Doc. 88-1, at 10, ¶ 4].  In his affidavit, Defendant McBride claims otherwise because he states that "Inmate Bines had not threatened Inmate Spears in any way before I placed Inmate Spears in his holding cell." [Doc. 48-7, at 2, ¶ 7].  There is also a genuine issue of fact concerning whether Mr. Bines was sleeping when Defendant McBride returned Mr. Spears to his cell thereby giving rise to the inference that Mr. Bines posed no discernable risk of harm as Defendant McBride was placing Mr. Spears back in his cell.  According to his affidavit, Defendant McBride "observed Inmate Bines to be sleeping in his bunk before opening the cell door." [Doc. 48-7, at 1, ¶ 6].  Defendant McBride also stated that after ordering Mr. Bines to come to the cell door to be handcuffed before placing Mr. Spears back in the cell, "[Mr.] Bines ignored my directives and appeared to continue sleeping." [48-7, at 1, ¶ 6].  By contrast, Mr. Spears denies that Mr. Bines was sleeping when he and Defendant McBride approached his cell.  Mr. Spears also claims that Defendant McBride did not "give my cellmate a directive to come to the door to get handcuffed" and that "McBride never said anything to my cellmate." [Doc. 88-1, at 10, ¶ 5].  In this regard, Mr. Spears objects [Doc. 118, at 2, ¶ 4] to the Magistrate Judge's conclusion [Doc. 115, at 8] that he admitted that Defendant McBride responded to Mr. Bines's attack.  Mr. Spears raises genuine issues concerning whether Defendant McBride's response was too late or even inadequate.  Any admission by Mr. Spears on this point

is of no consequence because, when viewed in a light most favorable to Mr. Spears, the facts indicate that <u>after</u> the attack Defendant McBride closed the cell door, opened the flap, and sprayed Mr. Spears and Mr. Bines with chemical munitions. [Doc. 1, at 3]; [Doc. 48-7, at 2, ¶ 6] Again, there is a genuine issue in this case concerning whether Defendant McBride violated Mr. Spears's Eighth Amendment rights by not preventing the attack in the first place.

Mr. Spears also presents the affidavit of Inmate David Bacchus ("Mr. Bacchus"). Mr. Bacchus's statements create a genuine issue with respect to the subjective element of Mr. Spears's Eighth Amendment claim because Mr. Bacchus states that after Mr. Bines attacked Mr. Spears, he "heard [Defendant] McBride tell Mr. Spears's cellmate, 'shit Mr. Spears [sic] lucky, because you gave your last cellmate a blackeye . . .'" and Mr. Bacchus also states that Defendant McBride "then started laughing with [Mr. Bines]." [Doc. 88-1, at 6, ¶ 2]. By contrast, in his affidavit, Defendant McBride states that "[he] was not aware of facts from which I could have or should have inferred that the Plaintiff was at risk prior to the incident." [Doc. 48-7, at 2, ¶ 7]. In light of the conflicting testimony regarding whether Defendant McBride knew of or disregarded an excessive risk of harm to Mr. Spears, Mr. Spears has raised genuine issues of material fact sufficient to survive summary judgment on the subjective element of his conditions of confinement claim as to Defendant McBride.

To establish the objective component of the Eighth Amendment test, Mr. Spears must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. According to the United States Court of Appeals for the Fourth Circuit,

> Only extreme deprivations are adequate to satisfy the objective component of an *Eighth Amendment* claim regarding conditions of confinement. To demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a

7

> substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions.

*Odom v. South Carolina Dep't. of Corr.*, 349 F.3d 765, 769 (4th Cir. 2003) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)). Furthermore, "[a]s to the objective component of the test, an injury is 'sufficiently serious' if it rises above the level of *de minimis* harm." *Peoples v. South Carolina Dep't. of Corr.*, 2008 U.S. Dist. LEXIS 73847, at *25 (D.S.C. Sep. 25, 2008) (citing *Hudson v. McMillian*, 502 U.S. 1, 9-10 (1992)). Here, Plaintiff has presented evidence that rises above a level of "*de minimis*" harm sufficient to raise genuine issues with respect to the objective element. Mr. Spears, in his verified complaint and affidavit, states that as a result of Mr. Bines's attack on him, he suffered a "busted lip, gash under [his] left eye, hurt jaw, lumps in my head from the blows, dizziness and a major headache." [Doc. 1, at 3]; [Doc. 88-1, at 12, ¶ 18]. The affidavit of Nurse Delores Johnson ("Ms. Johnson"), who examined Mr. Spears on the day of the incident at issue in this case together with Mr. Spears's Medical Summary, taken during the examinations of his injuries, indicate that Mr. Spears made similar complaints to medical personnel. [Doc. 55-1, at 2, ¶ 7]; [Doc. 55-2, at 1]. When viewed in a light most favorable to Mr. Spears, there is a genuine issue whether his injuries are "sufficiently serious." Therefore, because Mr. Spears has presented evidence sufficient to establish both the subjective and objective elements of his Eighth Amendment conditions of confinement claim, summary judgment with respect to this claim and with respect to Defendant McBride is denied.

As for Mr. Spears's claim for deliberate indifference to a serious medical need, the Magistrate Judge concluded that Mr. Spears did not present sufficient evidence to survive a motion for summary judgment. [Doc. 115, at 8]. According to the Fourth Circuit,

> Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the eighth amendment. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. Nevertheless, mere negligence or malpractice does not violate the eighth amendment.

*Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. Va. 1990) (citations omitted). In his affidavit, Mr. Spears acknowledges that after Mr. Bines attacked him, medical staff attended to his needs. [Doc. 88-1, at 12, ¶ 18]. But Mr. Spears has presented no evidence of recklessness on the part of the medical staff. In addition, Mr. Spears's additional statements concerning his medical care pertain to his allegedly ignored requests for care and to the grievances that he submitted concerning alleged refusals to attend to his continuing needs. [Doc. 88-1, at 10-14, ¶¶ 19-38]. Nevertheless, as the Magistrate Judge noted, since Mr. Spears has not named any medical personnel as defendants who "acted or failed to act in violation of his constitutional rights in this regard," summary judgment for Defendants under Mr. Spears's medical treatment claim is appropriate. [Doc. 115, at 9-10] (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (holding that a failure "to allege [a] personal connection" between [a defendant] and any denial of [a plaintiff's] constitutional rights, the action against [the defendant] must fail.")). Accordingly, the court adopts the Magistrate Judge's recommendation and grants Defendants' motion for summary judgment with respect to Mr. Spears's claim of deliberate indifference to a serious medical need.

Under the doctrine of *respondeat superior*, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Baynard v.*

9

*Malone*, 268 F.3d 228, 235 (4 Cir. 2001) (quoting *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994)). The basis upon which a claim under *respondeat superior* may succeed is the "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Under § 1983, a plaintiff must establish:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. N.C. 1994). The court agrees with the Magistrate Judge and finds that Mr. Spears has presented no evidence that Defendants Padula, Ozmint or Oberman had "actual or constructive knowledge" that Defendant McBride would expose Mr. Spears to the risk of Mr. Bines's assault. *Id.*

Mr. Spears objects to the Magistrate Judge's conclusion concerning the defense of qualified immunity. [Doc. 118, 2, ¶ 6]. The court finds this defense applicable to all defendants except Defendant McBride. Defendant McBride argues that he is entitled to qualified immunity. According to the United States Supreme Court, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether an official is entitled to qualified immunity, the court must proceed through the analysis of two elements "in proper sequence." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The court "must first determine

10

whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn. v. Gabbert*, 526 U.S. 286 (1999)); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).

The Fourth Circuit in *Odom v. South Carolina Dep't. of Corr.* held that "a prison official acts with deliberate indifference when he ignores repeated requests from a vulnerable inmate to be separated from a fellow inmate who has issued violent threats which the aggressor will likely carry out in the absence of official intervention." 349 F.3d 765, 773 (4th Cir. 2003). Viewing the facts in a light most favorable to Mr. Spears, not only was Defendant McBride aware that Mr. Bines had given his previous roommate "a blackeye" but he also refused repeated requests by Mr. Spears to be protected from the risk of assault posed by Mr. Bines. [Doc. 88-1, at 12, ¶ 20]; [Doc. 88-1, at 6]. Recognizing his own vulnerability, Mr. Spears states that he requested that Defendant McBride not place him in the cell with Mr. Bines and that Defendant McBride responded that he had a choice of going into the cell or getting gassed. [88-1, at 11, ¶¶ 6, 7]. Mr. Spears then stated that because of his fear of entering the cell, he asked to see a supervisor to express his concerns, but in response Defendant McBride told him that "he was a supervisor." [Doc. 88-1, at 11, ¶ 8]. Next, Mr. Spears avers that he asked Defendant McBride to remove his handcuffs but was again rebuffed. [Doc. 88-1, at 12, ¶ 9]. Finally, Defendant McBride refused Mr. Spears's request to handcuff Mr. Bines before he (Mr. Spears) was placed in the cell. [Doc. 88-1, at 12, ¶ 9]. Once it seemed that he had exhausted his requests for protection, he was faced with a choice between getting gassed by Defendant McBride and being assaulted by his cellmate Mr. Bines. Thus, the facts are sufficient to support a finding that Defendant McBride "acted with deliberate indifference when he ignore[d] repeated

requests from a vulnerable inmate . . . ." *Odom*, 349 F.3d at 773. When viewed in a light most favorable to Mr. Spears, Defendant McBride is not entitled to qualified immunity because he had "'fair warning' that [his] conduct was unconstitutional." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 313 (4th Cir. 2006). Accordingly, this court denies Defendant McBride's motion for summary judgment on qualified immunity grounds.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 48] is **GRANTED** with respect to Defendants Padula, Hilton, Jenkins, Ozmint, Oberman and James because Mr. Spears has not established that these defendants violated his Eighth Amendment rights. However, Defendant McBride's Motion for Summary Judgment [Doc. 48] is hereby **DENIED.**

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

March 1, 2011
Greenville, South Carolina

12